IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS, ET AL.,<br><br>     Plaintiffs<br><br>          v.<br><br>LISA P. JACKSON, IN HER OFFICIAL CAPACITY AS<br>ADMINISTRATOR,<br>UNITED STATES ENVIRONMENTAL PROTECTION<br>AGENCY,<br><br>     Defendant. | Case No. 1:09-CV-00089-CKK |

## CONSENT DECREE

WHEREAS Plaintiffs WildEarth Guardians and San Juan Citizens Alliance filed a

Complaint in this case on January 14, 2009, against Defendant Lisa P. Jackson, Administrator,

U.S. Environmental Protection Agency ("EPA");

WHEREAS Plaintiffs' Complaint alleged that EPA failed to perform its obligations

under section 111(b)(1)(B) of the Clean Air Act ("CAA"), 42 U.S.C. § 7411(b)(1)(B), "to review

and revise the [new source performance standards ("NSPS")] for the Crude Oil and Natural Gas

Production source category, including the standards promulgated at 50 Fed. Reg. 26,122 (June

24, 1985) (codified at 40 C.F.R. Part 60, Subpart KKK), [and 50 Fed. Reg. 40,158 (October 1,

1985) (codified at 40 C.F.R. Part 60, Subpart LLL)]," see Complaint ¶¶ 20, 75;

WHEREAS Plaintiffs' Complaint alleged that EPA failed to perform its obligations

under CAA section 112(d)(6), 42 U.S.C. § 7412(d)(6), "to review and revise the [national

emissions standards for hazardous air pollutants ("NESHAP")] for the Oil and Natural Gas

Production and Natural Gas Transmission and Storage major source categories, including the standards promulgated at 64 Fed. Reg. 32,610 (June 17, 1999) (codified at 40 C.F.R. Part 63, Subparts HH and HHH)," see Complaint ¶ 77;

WHEREAS Plaintiffs' Complaint alleged that EPA failed to perform its obligations under CAA section 112(f)(2), 42 U.S.C. § 7412(f)(2), by failing to determine whether to promulgate residual risk standards for the Oil and Natural Gas Production and Natural Gas Transmission and Storage major source categories, see Complaint ¶ 79;

WHEREAS Plaintiffs and EPA (collectively "Parties") wish to effectuate a settlement of the above-captioned matter, including Plaintiffs' claims for costs of litigation and reasonable attorneys' fees, without expensive and protracted litigation;

WHEREAS it is in the interests of the public, the Parties, and judicial economy to resolve the above-captioned matter without further litigation;

WHEREAS the Court finds and determines that the Consent Decree represents a just, fair, adequate, and equitable resolution of said claims;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1.     This Court has subject-matter jurisdiction over the claims set forth in the Complaint and to order the relief contained in this Consent Decree.  Venue is proper in the United States District Court for the District of Columbia.

2.     The Parties shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

2

3.    No later than January 31, 2011, the appropriate EPA official shall sign one or a combination of the following for the NSPS Subparts KKK and LLL:

(a)  a proposed rule containing revisions to the NSPS (in whole or in part) under CAA section 111(b)(1)(B);

(b)  a proposed determination not to revise the NSPS (in whole or in part) under CAA section 111(b)(1)(B); and/or

(c) a proposed or final determination not to review the NSPS (in whole or in part) under CAA section 111(b)(1)(B).

4.    No later than January 31, 2011, the appropriate EPA official shall sign one of the following for the NESHAP Subparts HH and HHH:

(a)  a proposed rule containing revisions to the NESHAP under CAA section 112(d)(6); or

(b)  a proposed determination under CAA section 112(d)(6) that revision of the NESHAP is not necessary.

5.    No later than January 31, 2011, the appropriate EPA official shall sign one of the following for the Oil and Natural Gas Production and Natural Gas Transmission and Storage major source categories:

(a)  a proposed rule promulgating residual risk standards under CAA section 112(f)(2); or

(b)  a proposed determination under CAA section 112(f)(2) that promulgation of such standards is not required.

6.    If the appropriate EPA official signs a proposed rule or proposed determination pursuant to Paragraph 3 herein, then no later than November 30, 2011, the appropriate EPA official shall sign one or a combination of the following for NSPS Subparts KKK and LLL:

3

(a)  a final rule containing revisions to the NSPS (in whole or in part) under CAA section 111(b)(1)(B); and/or

(b)  a final determination not to revise the NSPS (in whole or in part) under CAA section 111(b)(1)(B); and/or

(c)  a final determination not to review the NSPS (in whole or in part) under CAA section 111(b)(1)(B).

If pursuant to Paragraph 3(c) EPA signs a final determination not to review the NSPS (in whole or in part) under CAA section 111(b)(1)(B), then EPA shall have no obligation to take action relative to such NSPS (or part thereof) pursuant to this Paragraph.

7.      No later than November 30, 2011, the appropriate EPA official shall sign one of the following for NESHAP Subparts HH and HHH:

(a)  a final rule containing revisions to the NESHAP under CAA section 112(d)(6); or

(b)  a final determination under CAA section 112(d)(6) that revision of the NESHAP is not necessary.

8.      No later than November 30, 2011, the appropriate EPA official shall sign one of the following for the Oil and Natural Gas Production and Natural Gas Transmission and Storage major source categories:

(a)  a final rule promulgating residual risk standards under CAA section 112(f)(2); or

(b)  a final determination under CAA section 112(f)(2) that promulgation of such standards is not required.

9.      Within fifteen (15) business days of signing a proposed or final rule or proposed or final determination covered by this Consent Decree, EPA shall deliver it to the Office of the Federal Register for prompt publication.  Following such delivery, EPA shall not take any action

4

(other than as necessary to correct any typographical error or other errors in form) to delay or otherwise interfere with publication of the proposed or final rule or determination in the Federal Register.  EPA shall provide an opportunity for public comment on any proposed rule or determination.

10.     Any provision of this Decree may be modified by (a) written stipulation of Plaintiffs and EPA with notice to the Court, or (b) by the Court following motion of any party to this Decree, and upon consideration of any response by the non-moving party.

11.     In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations.  The Parties shall meet and confer in order to attempt to resolve the dispute.  If the Parties are unable to resolve the dispute within ten (10) business days after receipt of the notice, any Party may petition the Court to resolve the dispute.

12.     No motion or other proceeding seeking to enforce this Decree or for contempt of Court shall be filed unless the Plaintiff has followed the procedure set forth in Paragraph 11.

13.     The Court shall retain jurisdiction to enforce or interpret this Consent Decree.

14.     When EPA's obligations under this Consent Decree have been completed, the above-captioned matter shall be dismissed with prejudice.  The Parties shall file the appropriate notice with the Court so that the Clerk may close the file.

15.     Nothing in this Consent Decree shall preclude Plaintiffs from challenging in a separate action a final rule or determination taken pursuant to this Consent Decree.  Additionally, notwithstanding dismissal with prejudice, if EPA issues a final rule or determination under this Consent Decree and such rule or determination is vacated, nothing in this Consent Decree shall

5

preclude Plaintiffs from challenging EPA's failure to issue a final rule or determination.  If any

final rule or determination issued pursuant this Consent Decree is vacated, Plaintiffs' sole

remedy shall be the right to file a Complaint against the Administrator pursuant to the citizen suit

provision of the Clean Air Act, 42 U.S.C. § 7604.  Such Complaint would not be barred by the

dismissal of the instant case pursuant to Paragraph 15.  EPA does not waive or limit any defense

relating to such litigation.

      16.    Nothing in the terms of this Consent Decree shall be construed (a) to confer upon

this Court jurisdiction to review any final decision made by EPA pursuant to this Consent

Decree, (b) to confer upon this Court jurisdiction to review any issues that are within the

exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42

U.S.C. § 7607(b)(1), or (c) to waive any remedies or defenses the Parties may have under CAA

section 307(b)(1), 42 U.S.C. § 7607(b)(1).

      17.    Nothing in this Consent Decree shall be construed to limit or modify any

discretion accorded EPA by the CAA or by general principles of administrative law in taking the

actions which are the subject of this Consent Decree, including the discretion to alter, amend, or

revise any final actions contemplated by this Consent Decree.  EPA's obligation to perform the

actions specified in this Consent Decree does not constitute a limitation or modification of EPA's

discretion within the meaning of this paragraph.

      18.    Nothing in this Consent Decree shall be construed as an admission of any issue of

fact or law nor to waive or limit any claim or defense, on any grounds, related to any final action

EPA may take with respect to the actions addressed in this Consent Decree.

      19.    It is hereby expressly understood and agreed that this Consent Decree was jointly

drafted by Plaintiffs and EPA.  Accordingly, the Parties hereby agree that any and all rules of

construction to the effect that ambiguity is construed against the drafting party shall be

inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent

Decree.

20.     Any notices required or provided for by this Decree shall be in writing, via

electronic mail or other means, and sent to the following:

For Plaintiffs:

> Robin Cooley
> Edward B. Zukoski
> Earthjustice
> 1400 Glenarm Place, Suite 300
> Denver, CO  80202
> rcooley@earthjustice.org
> tzukoski@earthjustice.org
>
> Jeremy Nichols
> WildEarth Guardians
> 1536 Wynkoop Street, Suite 301
> Denver, CO  80202
> jnichols@wildearthguardians.org
>
> Mike Eisenfeld
> San Juan Citizens Alliance
> New Mexico Energy Coordinator
> 108 North Behrend, Suite I
> Farmington, New Mexico 87401
> mike@sanjuancitizens.org

For Defendants:

> Stephanie Talbert
> Trial Attorney
> U.S. Department of Justice
> Environmental Defense Section
> PO Box 23986
> Washington, DC  20026-3986
> Stephanie.talbert@usdoj.gov

21.     The United States, on behalf of EPA, agrees to pay Plaintiffs in full settlement of all claims for attorneys' fees, costs, and expenses incurred as of the date this Consent Decree becomes final under Paragraph 10 the sum of $16,000.00, as soon as reasonably practicable, by electronic funds transfer in accordance with instructions provided to the undersigned defense counsel by counsel for the Plaintiffs.  Nothing in this paragraph shall be construed as an admission or concession by EPA that Plaintiffs are entitled to or eligible for recovery of any costs or attorneys' fees.

22.     The parties recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose.  No provision of this Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

23.     The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this Consent Decree being entered by the Court and arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraphs 3-8, or for any other unforeseen continuation of this action.

24.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the Parties.

25.    The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to consent to the Court's entry of the terms and conditions of this Decree.

SO ORDERED on this _5_ day of ___Febru___, 2010.

_nunc pro tunc 2/4/10_

_Colleen Kollar-Kotelly_

HON. COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT COURT JUDGE

SO AGREED:

FOR PLAINTIFFS

/s/ Robin Cooley
Robin Cooley
Edward B. Zukoski
Earthjustice
1400 Glenarm Place, Suite 300
Denver, CO 80202
Tel:  (303) 623-9466
Fax: (303) 623-8083
azaccardi@earthjustice.org
rcooley@earthjustice.org

DATED:  February 2, 2010

FOR DEFENDANT

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources
Division

/s/ Eileen T. McDonough
Eileen T. McDonough
Stephanie Talbert
Trial Attorneys
U.S. Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Tel: (202) 514-3126
        (202) 514-2617
Fax: (202) 514-8865